**Walter W. BAKER, Plaintiff,**

v.

**GRINNELL CORPORATION, Defendant and Third-Party Plaintiff,**

v.

**EXXON CORPORATION, Third-Party Defendant and Fourth-Party Plaintiff,**

v.

**YANKEE PIPING, INC., Fourth-Party Defendant.**

**Civ. No. 86–0372 P.**

United States District Court, D. Maine.

June 25, 1987.

Donald Grey Lowry, Lowry & Platt, Portland, Me., and Peter B. Dublin, for plaintiff.

John S. Whitman, Richardson, Tyler & Troubh, Portland, Me., for Grinnell Corp.

John A. Mitchell, James G. Goggin, Portland, Me., for Exxon Corp.

Jonathan S. Piper, Portland, Me., for Yankee Piping.

## MEMORANDUM OF DECISION AND ORDER ON PLAINTIFF'S MOTION TO AMEND COMPLAINT

GENE CARTER, District Judge.

This case is before the Court at this time on the Plaintiff's Motion to Amend His Complaint, filed on June 16, 1987, and the motion of Third-Party Defendant Exxon Corporation for a continuance of trial or in the alternative for a severance for trial of the Third-Party Complaint lodged against it. This action was commenced by the Plaintiff on October 28, 1986, in the Superior Court in and for the County of Cumberland and State of Maine, and was removed to this Court on November 20, 1986 by Defendant Grinnell Corporation.

An Answer and Jury Demand were filed on the date of removal by Defendant Grinnell. On November 24, 1986, the Magistrate entered a Scheduling Order, setting a deadline of December 31, 1986 for joinder of other parties and amendment of the pleadings and ordering that discovery be completed on or before March 27, 1987. On December 1, 1987, Plaintiff filed a Motion to Amend the Complaint, and subsequently, on December 23, 1986, filed another Motion to Amend Complaint. The latter motion was granted by endorsement on the date of its filing, and on January 6, 1987, the former motion was endorsed as not requiring Court action.

On March 2, 1987, Defendant Grinnell moved to file, was granted permission to, and did file a Third-Party Complaint against Exxon Corporation. A Motion for Enlargement of Discovery Deadline was filed by Grinnell on March 4, 1987, and that motion was granted to enlarge the deadlines set forth in the Scheduling Order of November 24, 1986 relating to the deadlines for designation of experts, completion of discovery, and filing of motions, the Magistrate noting: "Case shall be ready for final pretrial conference and trial on the July/August [1987] list." Endorsement of March 4, 1987, on Motion for Enlargement of Discovery Deadline.

On April 28, 1987, Exxon filed a Fourth-Party Complaint against Yankee Piping, Inc., which was answered by Yankee Piping on May 15, 1987. On May 21, 1987, Yankee Piping filed a motion for separate trial or continuance, and eight days later Exxon filed a motion to sever. Yankee Piping's motion was granted by endorsement of the Court on June 1, 1987, and the Fourth-Party Complaint was severed from

the other claims for further proceedings and trial. Exxon Corporation's motion was denied on the same date.

The Clerk notified counsel in this matter by letter of May 15, 1987 that "this matter is on the July-August Trial List and is scheduled for final pretrial conference on June 19, 1987 at 11:30 a.m. with Judge Carter." Thereafter, the final pretrial conference was rescheduled to June 11 at 11:30 a.m. and was held at that time. Extensive discussion was held at the pretrial conference with respect to the present posture of the case, and Plaintiff's counsel indicated to the Court for the first time [1] that he proposed to amend the Plaintiff's Complaint to add Defendant Exxon Corporation as a direct party-defendant. At the conference, the Court ordered that Plaintiff file any such motion on or before June 16, 1987, and that it be responded to by Exxon on or before June 19, 1987. The parties agreed that the Court could move expeditiously to decide such motion on the written submissions of the parties. Report of Final Pretrial Conference and Order at 3.

The Court is well aware of the leniency with which motions to amend are to be viewed by the Court under Fed.R.Civ.P. 15(a). *See Foman v. Davis,* 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). It is apparent, however, that in this case the granting of a motion to amend will compel a continuance of trial in the entire case as it is now pending. Because of the comparative negligence aspects of the case, as generated in the pleadings, it is not feasible and would not be in the interests of judicial economy or the interests of the parties to permit this case to go to trial with Exxon Corporation severed as either a direct party-defendant or a third-party defendant.

Plaintiff's counsel acknowledges that the deadline for amendment of pleadings and joinder of parties was January 30, 1987, but asserts in conclusory form that "the plaintiff believes that the Court should grant his Motion and permit him to add Exxon Corporation as a defendant." Plaintiff's Memorandum of Law in Support of His Motion to Amend Complaint at 3. As support for this position, Plaintiff asserts that "[a] factual dispute has arisen regarding the circumstances under which the tests were conducted with air pressure.... It now seems appropriate for Plaintiff to look to Exxon Corporation, as well as to Grinnell Corporation, for recovery." Id. at 2–3. Plaintiff implies, without directly asserting, that this factual dispute became known to it in the course of discovery as late as June 8–9, 1987. After a full review of the matter, and having in mind the Court's discussions with counsel at the final pretrial conference about the development of discovery in this case, the Court views that implication with the incredulity of a man struck by lightning in a rainless desert.

As Exxon Corporation points out in its responsive memorandum, *Plaintiff's* expert, David A. Dodge, was deposed on January 29, 1987, and indicated his opinion that the use of air pressure for the tests involved in the case was improper and asserted that the use of air pressure for the tests was insisted upon by Exxon. It was on the basis of that testimony in deposition that Defendant Grinnell Corporation moved on February 9, 1987 to implead Exxon as a Third-Party Defendant. Clearly, the Plaintiff was aware no later than January 29, 1987 that his own expert viewed the use of air pressure in the testing procedures giving rise to the accident as an operative factor in the liability equation. The Court has been shown no reason why Plaintiff's counsel could not have moved with the same expedition as did defense counsel for Grinnell, that is, on or in close proximity to February 9, 1987, to assert directly a right of action against Exxon Corporation *based*

---

**1.** Exxon's counsel asserts that Plaintiff's counsel indicated his intent to amend the Complaint to assert a claim directly against Exxon for the first time "just prior to the final pretrial conference" in a telephone conversation. Exxon Corporation's Memorandum in Opposition to Plaintiff's Motion to Amend Complaint and in Support of Motion to Continue or for Severance, at 2 and n. 2.

*upon the testimony of the Plaintiff's own expert witness.*

The Court is fully satisfied that the delay in seeking the amendment of the pleadings to join Exxon as a direct party-defendant is entirely due to an inexcusable lack of diligence on the part of Plaintiff's counsel. The Court is satisfied that the proposed amendment would restructure the pleadings and theories of recovery in this case in a most significant manner, at least from Exxon Corporation's perspective, and that, in such event, fairness would require that Exxon Corporation be afforded an opportunity to conduct further discovery and motion practice in order to meet the new, direct action claim. Thus, there is no sufficient basis to require the Court to permit an amendment at this late date which would require a continuance of the trial in order to avoid unfair prejudice to Exxon Corporation as a direct party-defendant in this matter.

Accordingly, Plaintiff's Motion to Amend the Complaint to Join Exxon as a Direct Party-Defendant is hereby *DENIED*. Exxon's Motion for Continuance or in the Alternative to Sever Exxon as a Party-Defendant is thereby rendered *MOOT* and requires no action by the Court.

So ORDERED.